UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-25-DLB

MARK JUSTICE, et al.,                                                                           PLAINTIFFS,

AND

RIDER INSURANCE COMPANY,                                                  INTERVENING PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
               AND RECOMMENDATION**

WILLIAM RILEY, et al.,                                                                          DEFENDANTS.

## I. INTRODUCTION

This matter is before the undersigned on the Defendants' Motion to Dismiss for lack of prosecution. [R. 70]. For the reasons stated, the undersigned recommends that the motion be granted.

## II. FACTUAL & PROCEDURAL BACKGROUND

The Defendants are members of Kentucky law enforcement who were involved in a "joint interstate criminal investigation with the Federal Bureau of Investigation." [R. 1, Answer at ¶ 4]. As a result of this investigation, in approximately August or September of 2007, the Defendants, acting without warrants, seized approximately forty-five (45) motorcycles from the Plaintiffs, and others similarly situated. [R. 18, 3d Answer at ¶¶ 4-6]. The Plaintiffs filed suit against the Defendants in Boyd Circuit Court on January 15, 2008. [R. 1, Complaint at 1]. On February 8, 2008, the Defendants removed the matter to the United States District Court for the Eastern District of Kentucky. [R. 1 at 1-2].

Following extensive proceedings on the Plaintiffs' Motion for Judgment on the Pleadings [See R. 38], the undersigned entered a scheduling order on July 1, 2009. [R. 50]. At the outset of this litigation, the Plaintiffs were represented by the Hon. Garis Pruitt. On August 26, 2009, Mr. Pruitt moved to withdraw as counsel, stating: first, that he was retiring from the practice of law; and secondly, that "the expenses in this case have exceeded $15,000 in Westlaw charges, and I have not been reimbursed despite numerous requests." [R. 61]. Mr. Pruitt notified his clients of his intent to withdraw but only Plaintiff Justice responded, consenting to withdrawal. [Id.].

On August 31, 2009, Mr. Pruitt's request to withdraw was granted, and the Plaintiffs were allowed thirty (30) days to secure new counsel or proceed *pro se*. [R. 62]. None of the Plaintiffs responded to the Court's order. At a status conference on October 27, 2009, only Plaintiff Curtis Withrow appeared, and was given twenty (20) days to secure counsel or proceed *pro se*. [R. 69]. On November 16, 2009, Plaintiff Withrow notified the Court that he could not afford an attorney, and did not desire to proceed *pro se*; therefore, he stated that he "will not be going on with this case." [R. 72]. The Plaintiffs have taken no further action to prosecute this case.

On November 16, 2009, the Defendants filed a Motion to Dismiss For Failure to Prosecute. [R. 70]. The motion does not seek dismissal of claims against the Intervening Plaintiff. [Id. at p.1, n.1]. None of the Plaintiffs responded to the motion.

### III. ANALYSIS

The Defendants' Motion to Dismiss should be granted, as the Plaintiffs exhibit a lack of diligence in prosecution of this matter, and disregard for the orders of the Court. Dismissal is appropriate in order to prevent further prejudice to the Defendants, and the continued waste of public resources.

According to the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal of a case is appropriate where parties proceeding *pro se* fail to comply with readily comprehended deadlines imposed by the Court. See Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991). The sanction of dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008) *citing* Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 362-63 (6th Cir. 1999).

In recommending dismissal of this action for failure to prosecute, the undersigned has considered the four factors set for by the Sixth Circuit Court of Appeals:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll, 176 F.3d at 363. Based on a review of these factors, the sanction of dismissal is appropriate at this time. The most troubling factors in this matter are: the lack of communication by the Plaintiffs, failure to respond to the Court's orders, and failure to respond to the Defendants' motion to dismiss. Furthermore, the uncontroverted assertion by Garis Pruitt that the Plaintiffs owe significant unpaid legal bills shows that they have abandoned this litigation entirely. This pattern of behavior clearly weighs in favor of dismissal. See Schafer, 529 F.3d at 738-39.

The Court will not further prejudice the Defendants by requiring the continued expenditure of time, money, and effort. See Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997). The Defendants are entitled to a timely resolution of these claims, and the Plaintiffs failure to engage in

the matter has left the Defendants with a case that has no potential of being resolved in a timely fashion. The Plaintiffs are, by now, well aware that there is the potential that this case will be dismissed. The record indicates that they have been served with the orders of the Court, requesting their appearances, and that the Defendants also served them with the Motion to Dismiss. Despite all this, they have taken no affirmative steps to prevent dismissal of this case. The Plaintiffs' failure to respond in the face of potential dismissal weighs in favor of granting the Defendants' motion to dismiss. See Id. Finally, though the Court has not imposed other sanctions in this case, the undersigned has considered what additional sanctions may be available, and finds that they would be ineffective under the circumstances of this case. Imposing gradual levels of sanctions in this case would only be a further waste of judicial resources. Based on the Plaintiffs' silence in the face of repeated orders of the Court, continuing this litigation in hopes that they will eventually decide to participate is an unwarranted venture.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby RECOMMENDED that the Defendants' Motion to Dismiss Claims of Plaintiffs for Failure to Prosecute be GRANTED to the extent that the Plaintiffs claims against the Defendants be DISMISSED WITHOUT PREJUDICE;

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Furthermore, and based upon the recommendation above, IT IS ORDERED:

(1) That the matter come for a telephonic status conference regarding the intervening claims of Rider Insurance Company on TUESDAY, JANUARY 5, 2010 AT THE HOUR OF 1:30 P.M. Lead attorneys for each remaining party shall participate in the call, and shall be prepared to discuss the status of the case;

(2) The undersigned's office will initiate the call, and will dial to the following attorneys at the numbers listed on the docket sheet of this action: for the Intervening Plaintiff, Jeffrey Mando; and for the Defendants, Roger Wright. If either attorney will not be available at the number listed on the docket sheet, or if any other attorney desires to participate in the conference, they shall contact the undersigned's chambers immediately at (606) 437-7338.

Signed December 21, 2009.

Signed By:
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**